UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GLENN COLEMAN,
an individual,

    Plaintiff,

                                CASE NO: 5:11-cv-360

vs.

LP GRACEVILLE, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Glenn Coleman ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues LP Graceville, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.    Venue is proper in this Court, the Northern District of Florida pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Florida.

3.    Plaintiff, Glenn Coleman (hereinafter referred to as "Coleman") is a resident of the State of Florida and is a qualified individual with a disability under the ADA. Coleman suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that he suffers from post polio syndrome as well as from residual paralysis on his left side due to a recent

stroke. Coleman requires a wheelchair for mobility and has limited use of his upper extremities. Prior to instituting the instant action, Coleman has resided at the Defendant's premises at issue in this matter, and has been denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA. Coleman continues to desire and intends to reside at the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, LP Graceville, LLC, is a limited liability company registered to do business and, in fact, conducting business in the State of Florida. Upon information and belief, LP Graceville, LLC (hereinafter referred to as "LP Graceville") is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically the Signature Healthcare of North Florida located at 1083 Sanders Avenue in Graceville, Florida (hereinafter referred to as the "Facility").

5. All events giving rise to this lawsuit occurred in the Northern District of Florida.

### COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Facility owned by LP Graceville is a place of public accommodation in that it is a long-term healthcare facility operated by a private entity that provides goods and services to the public.

8. Defendant has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Facility in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Facility owned by LP Graceville. Prior to the filing of this lawsuit, Plaintiff has resided at the Facility at issue in this lawsuit and has been denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact. In addition, Plaintiff continues to desire and intends to reside at the Facility, but continues to be injured in that he is unable to do so equally and continues to be discriminated against due to the barriers to access that remain at the Facility in violation of the ADA. Coleman has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. LP Graceville is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

    (i) The wheelchair van used by the nursing home does not have tie-downs for securing Plaintiff's powered wheelchair. Therefore, Plaintiff is required to

        utilize a manual wheelchair when traveling on the van which he is unable to do independently due to his paralysis.

(ii)    The parking spaces designated as accessible at the facility are excessively steep.

(iii)    There are no level passenger loading zones provided.

(iv)    There is no level landing at the main entrance.

(v)    In Plaintiff's patient room, the toilet room has grab bars affixed to both side of the toilet seat in a manner that interferes with Plaintiff's ability to transfer onto the toilet and which requires him to use a stand-up lift which causes Plaintiff pain and which Plaintiff cannot utilize independently.

(vi)    The toilet room in Plaintiff's patient room contains no side or rear grab bars at the water closet necessary for Plaintiff to utilize the water closet independently.

(vii)    The pipes are not insulated beneath the lavatory in the toilet room in Plaintiff's patient room.

(viii)    The mirror is too high at the lavatory for a wheelchair user.

(ix)    There is insufficient maneuvering clearance on the pull side of the door leading from the outside of the tiki bar area into the nursing home.

(x)    There is insufficient maneuvering clearance at the door when exiting the public toilet rooms for a wheelchair user.

(xi)    The accessible toilet stalls are too small; and no standard wheelchair accessible toilet stalls are provided in the public toilet rooms.

      (xii)    Various doors to public spaces in the facility have knob type hardware that requires tight grasping and twisting of the wrist to operate.

      (xiii)    There are an insufficient number of wheelchair accessible patient rooms.

12.    There are other current barriers to access and violations of the ADA at the Facility owned and operated by LP Graceville that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13.    To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14.    Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, LP Graceville was required to make its Facility, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, LP Graceville has failed to comply with this mandate.

15.    Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

16.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against LP Graceville, LLC and requests the following injunctive and declaratory relief:

A.  That the Court declare that the property owned and administered by Defendant is violative of the ADA;

B.  That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.  That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.  That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.  That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 4th day of November 2011.

Respectfully submitted,

/s/ Edward I. Zwilling
Edward I. Zwilling, Esq.
Schwartz Zweben, LLP
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone:   (205) 822-2701
Facsimile:    (205) 822-2702
Email:          ezwilling@szalaw.com